**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TRANSWORLD HOLDINGS PCC LIMITED.** | |
| **Plaintiff,** | **Civil Action No. 1:16-cv-6907** |
| **v.** | |
| **KENNETH MAGES and ALAN J. MORGAN.** | |
| **Defendants.** | |

## VERIFIED COMPLAINT

Plaintiff Transworld Holdings PCC Limited (hereinafter "Transworld Holdings") for its Verified Complaint against Defendants Kenneth Mages (hereinafter "Mages") and Alan J. Morgan (hereinafter "Morgan") (collectively, "Defendants") alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Transworld Holdings is a foreign entity being a protected cell company existing under the laws of Isle of Man, with its principal place of business at 69 Athol Street, Douglas, IM1 1JE, Isle of Man.

2.      Upon information and belief, Mages is a resident of Chicago, Illinois, residing at 730 South Clark Street, Apt. 2709, Chicago, Illinois 60605.

3.      Upon information and belief, Morgan is a resident of La Grange, Illinois, residing at 330 Leitch Avenue, La Grange, Illinois 60525.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship as the Plaintiff and all Defendants are of diverse

ME1 22800325v.1

citizenship and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendants because all of the Defendants are domiciled in the State of Illinois.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because all Defendants are residents of the State of Illinois and at least one defendant resides in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

### SecureOne Corporation

7.      SecureOne Corporation ("SecureOne") is a British Virgin Islands ("BVI") holding company limited by shares whose registered office is c/o Intertrust Corporate Services Limited, 171 Main Street, P.O. Box 4041, Road Town Tortola, BVI.

8.      In the United States, SecureOne maintains a corporate mailing address at 218 Main Street, Suite 418, Kirkland, Washington 98033.

9.      SecureOne is a financial technology company engaged in the development and provision of secure solutions for security and authentication of mobile transactions, identity, and personal data for benefit of card issuing institutions and merchants.  One of SecureOne's product offerings, for example, is the SecureOne™ card and mobile wallet application, which purportedly provides fraud reduction, identity assurance, and cross-institutional insight to card issuers.

10.      Upon information and belief, each of the Defendants is or was at material times an employee or contractor of SecureOne.

### The Parties

11.      Plaintiff Transworld Holdings is a wholly owned subsidiary of Transworld Group

Limited ("Transworld Group"). Formed in 2004, Transworld Group is a global entrepreneurial investment and holding company that acquires assets, invests in, originates and sponsors international projects, concepts, and businesses. Through its various subsidiaries, Transworld Group is active in a number of global business sectors such as renewable energy, pollution management, telecommunication, and natural resources. Transworld Holdings was formed under the Transworld Group as a protected cell company for the purpose of acquiring, managing, and commercializing the asset rights arising under the Deed and the Assignment of Debt, as defined below.

12. Upon information and belief, Defendant Mages is the Founder and Chief Technology Officer of SecureOne.

13. Upon information and belief, Defendant Morgan is the General Counsel of SecureOne.

### SecureOne Parties Incur Litigation Debt

14. On August 26, 2014, SecureOne (along with a number of co-defendants including Mages) (hereinafter, the "SecureOne Parties") was sued in the Commercial Division of the British Virgin Islands High Court (claim number 103 of 2014) by Play LA Inc., a company registered in the British Virgin Islands (the "Play LA Proceedings").

15. The SecureOne Parties engaged Ogier, a BVI law firm, to represent them in the Play LA Proceedings.

16. In or around October 2015, a dispute arose between Ogier and the SecureOne Parties concerning the fees (and third party costs) payable to Ogier in connection with the proceedings, which at the time amounted to US $1,739,119.49 (the "Dispute").

ME1 22800325v.1

**SecureOne Parties Create a Binding Deed to Resolve a Dispute Over the Litigation Debt**

17.    On or around November 13, 2015, Ogier and the SecureOne Parties entered into a binding deed (the "Deed") to settle the Dispute.

18.    Each signatory to the Deed, including Mages, warranted and represented having the full right, power and authority to execute, deliver and perform the Deed at the time of execution.

19.    Upon information and belief, all Defendants were provided notice of the Deed.

**The Deed Creates a Transferable Security Interest in SecureOne and its Patent Rights**

20.    The Deed provides, *inter alia*, that:

a.    The SecureOne Parties shall pay to Ogier $1,739,119.49 USD (the "Due Settlement Sum") in two equal installment payments due before January 26, 2016 and March 31, 2016, respectively;

b.    Should the SecureOne Parties fail to make any required payments, the SecureOne Parties shall pay interest on the overdue amount at the rate of 7% per annum;

c.    Each of the SecureOne Parties acknowledged that it owes the Due Settlement Debt to Ogier and covenants not to deny or otherwise challenge on any grounds whatsoever the existence of validity of such amounts owing to Ogier;

d.    If any of the SecureOne Parties fail to pay any sum due, Ogier may declare the balance (along with interest) immediately due and payable;

21.    As a continuing security for the payment of the Due Settlement Sum, the Deed provides for the following security interests:

a.    The SecureOne Parties charged to Ogier, as the beneficial owner, all the shares in SecureOne Corporation owned by them or held by any nominee on their behalf;

4

b.      By way of a first fixed charge, the SecureOne Parties charged to Ogier, as the beneficial owner, all their Related Rights, which are defined in the Deed as any dividend, interest, or other distribution paid or payable in relation to any share in SecureOne Corporation;

c.      SecureOne Corporation charged to Ogier, as the beneficial owner, all its rights, titles and interest in and to each Patent;

22.     "Patent" is defined in the Deed as all patent rights owned by SecureOne Corporation including (a) the Virtual SIM or "VISM" patent (US 6,747,547) and (b) the international VSIM patent (1068753) and Out-of-Band Authentication patents (Base Patent US 6,934,858) (the "SecureOne Patent Rights").

23.     The Deed further provides that with respect to their security interests, at its own expense each of the SecureOne Parties shall promptly execute and deliver such documentation and perform such acts as may be required for the purpose of giving full effect to the security interest clause.

24.     In the Deed, one or more of the SecureOne Parties further provided a number of warranties, *inter alia*, that SecureOne warrants and represents that it has not sold, transferred, assigned or otherwise disposed of their interests in the Patents.

25.     The Deed further provides, *inter alia*:

a.      That the Deed represents the entire agreement between the parties and supersedes any other agreements; and

b.      That the Parties shall deliver or cause to be delivered such instruments and other documents at such times and places as are reasonably necessary or desirable, and shall take any other action reasonably requested by the other party for the purpose of putting this deed into effect.

**The SecureOne Parties Default and Transworld Holdings Obtains the Deed**

26.     The SecureOne Parties failed to make the payments required under the Deed, which were due on January 26, 2016 and March 31, 2016, respectively.

27.     Thereafter, on or about May 31, 2016, Ogier entered into an Assignment of Debt ("Assignment of Debt") with Transworld Holdings.

28.     Ogier, as the owner of the Deed, had the right to assign the Deed to a third party.

29.     Pursuant to the Assignment of Debt, Ogier transferred to Transworld Holdings as of its effective date, *inter alia*:

        a.      all its rights, interests and benefit in and to the Debt, which is defined as all sums due under the Deed or otherwise owing to Ogier by the SecureOne Parties together with any interest accrued thereon from time to time and the Deed; and

        b.      any rights to recover from or bring any action against the SecureOne Parties in respect of the Debt and/or the Deed.

**The Defendants Had Notice of the Assignment of the Debt**

30.     On June 1, 2016, Transworld Holdings advised the SecureOne Parties, including Defendant Mages, of the Assignment of Debt.

31.     Upon information and belief, Defendant Morgan was also provided notice of the Assignment of Debt.

32.     Transworld Holdings' security interests arising from the Deed and the Assignment of Debt have been perfected in BVI.

33.     Transworld Holdings has perfected its security interest in the specifically enumerated United States patents obtained via the Assignment of Debt by recording such interest with the United States Patent and Trademark Office ("USPTO").

6

ME1 22800325v.1

## The Assigned Rights are Part of the SecureOne Patent Rights

34.     Upon information and belief, each of the Defendants was under an obligation to assign to SecureOne any inventions solely or jointly conceived or developed or reduced to practice, or caused to be conceived or developed or reduced to practice, during the period of time in which each Defendant was in the service of SecureOne and which related to the business, or to the actual or demonstrably anticipated research or development of SecureOne (the "Assignment Obligation").

35.     Upon information and belief, each Defendant further agreed that any such inventions will be the sole and exclusive property of SecureOne, and that all rights, titles and interests in such inventions are assigned to SecureOne (the "Assigned Rights").

36.     Upon information and belief, the Assigned Rights became the property of SecureOne the moment such rights came into existence.

37.     Therefore, the Assigned Rights constitute a portion of the SecureOne Patent Rights.

## The Cairns Provisional is One of the SecureOne Patent Rights

38.     Upon information and belief, on or around September 1, 2015, a provisional patent application was filed with the USPTO on behalf of Defendants Mages and Morgan and non-parties Geoffrey Ian Cairns, Jan Drake, Daniel MacDonald, Scott Charles Baisch, Alex Benjamin Engelberg, and Paul Murray for an invention entitled "Network system or service allowing for a proxy to connect to any or many other credentials via a tokenized secure network" (the "Cairns Provisional").

39.     Defendants Mages and Morgan are listed as the inventors of the Cairns Provisional.

40.     Upon information and belief, the subject matter of the Cairns Provisional was conceived and reduced to practice by Defendants Mages and Morgan while under the employment of or during a contractual relationship with SecureOne.

41.     Upon information and belief, the conception and reduction to practice of the subject matter of the Cairns Provisional was within the scope of Defendants' Mages and Morgan employment or contractual relationship with SecureOne.

42.     The Cairns Provisional is subject to the Assignment Obligation.

43.     The Cairns Provisional constitutes a portion of the SecureOne Patent Rights.

44.     Upon information and belief, no assignment has been entered or recorded from any Defendant assigning rights in the Cairns Provisional to SecureOne.

**The Abel Disclosure is One of the SecureOne Patent Rights**

45.     On or around August 12, 2015, an invention disclosure was executed by Defendant Mages and non-party Miller Thomas Abel (hereinafter "Abel") for an invention entitled "Tokenized Multimodal Payment Card" (the "Abel Disclosure").

46.     Upon information and belief, on or after August 12, 2015, a provisional patent application was filed with the USPTO on behalf of Defendant Mages and Abel on the Abel Disclosure.

47.     Upon information and belief, the subject matter of the Abel Disclosure was conceived and reduced to practice by Defendant Mages while under the employment of or during a contractual relationship with SecureOne.

48.     Upon information and belief, the conception and reduction to practice of the subject matter of the Abel Disclosure was within Mages' scope of employment or contractual relationship with SecureOne.

8

49.     The Abel Disclosure is subject to the Assignment Obligation.

50.     The Abel Disclosure constitutes a portion of the SecureOne Patent Rights.

51.     Upon information and belief, no assignment has been entered or recorded from Defendant Mages assigning rights in the Abel Disclosure to SecureOne.

**Defendants' Improper Claim of Ownership Over Certain of the SecureOne Patent Rights Is Causing Substantial Harm to Transworld Holdings**

52.     Upon information and belief, since the date of the Deed, one or more Defendants have claimed, directly or through their purported agents, that one or more Defendants own all rights to the Cairns Provisional and/or the Abel Disclosure.

53.     Upon information and belief, one or more Defendants have claimed, directly or through their purported agents, that they own all rights to the Cairns Provisional and/or the Abel Disclosure by virtue of contractual liens against SecureOne.

54.     Upon information and belief, one or more Defendants have or have attempted to assign their rights in the Cairns Provisional and/or the Abel Disclosure to entities other than SecureOne.

55.     Upon information and belief, one or more Defendants have or are attempting to misappropriate the Cairns Provisional and/or the Abel Disclosure, which are assets of SecureOne and are subject to Transworld Holdings' security interests.

56.     One or more Defendants, directly or through their purported agents, have attempted to use these ownership claims in the Cairns Provisional and/or the Abel Disclosure to extract further compensation from Transworld Holdings above and beyond discharge of the Due Settlement Sum.

57.     Defendants' actions and claims jeopardize the value of Transworld Holdings' security interest in the SecureOne Patent Rights (including rights to the Cairns Provisional and/or

9

the Abel Disclosure), at least because pursuant to 35 U.S.C. § 111(b)(5) a provisional patent application lapses if not converted into a non-provisional patent application within one (1) year from the date of its filing.

58.     Defendants' actions and claims intentionally interfere with SecureOne's ability to perform its obligations to Transworld Holdings under the Deed by virtue of the Assignment of Debt.

59.     Defendants' actions and claims jeopardize and impede Transworld Holdings' further ability to commercialize the technology disclosed in the Cairns Provisional and/or the Abel Disclosure.

60.     The risk to Transworld Holdings' security interest and other business expectancy will continue if the ownership of the Cairns Provisional and the Abel Disclosure is not resolved and/or Defendants are not enjoined.

## COUNT I
### (Declaratory Judgement)

61.     Transworld Holdings incorporates the allegations of paragraphs 1-60 as if set forth here in full.

62.     The above facts demonstrate that there is a substantial and actual controversy between the parties in that they assert adverse legal interests regarding the ownership of the Cairns Provisional and/or the Abel Disclosure, which has caused, and will continue to cause, harm to Transworld Holdings.

63.     This controversy is sufficiently immediate and real to warrant the issuance of a declaratory judgment because one or more Defendants, alone or in concert with each other, are claiming ownership of the Cairns Provisional and/or the Abel Disclosure, which diminishes the value of Transworld Holdings' security interests, future economic advantage, and SecureOne's

10

ability to perform its obligations under the Deed. Pursuant to Fed. R. Civ. P. 57, this Court is vested with the power to declare the rights, status, and other legal relations of the parties to this action with reference to the ownership issues raised by Defendants and noted in this Verified Complaint to clarify and settle those issues.

64. Pursuant to 28 U.S.C. § 2201, Transworld Holdings requests that the Court declare that:

      a.    Each of the Defendants is not an owner of the Cairns Provisional, in whole or in part; and

      b.    Defendant Mages is not an owner of the Abel Disclosure, in whole or in part; and

      c.    SecureOne is the rightful owner of the Cairns Provisional, to the exclusion of Defendants; and

      d.    SecureOne is the rightful owner of the Abel Disclosure, to the exclusion of Defendant Mages; and

      e.    Defendants are enjoined from exercising any rights with respect to the Cairns Provisional and the Abel Disclosure.

## COUNT II
### (Tortious Interference with a Business Expectancy)

65. Transworld Holdings incorporates the allegations of paragraphs 1-64 as if set forth here in full.

66. Transworld Holdings possess a valid expectancy to commercialize the technology disclosed in the Cairns Provisional and/or the Abel Disclosure, since it possesses a security interest in the SecureOne Patent Rights, including the rights to the Cairns Provisional and/or the Abel Disclosure, and SecureOne failed to fulfill its payment obligations under the Deed by virtue

11

of the Assignment of Debt.

67.     Defendants had knowledge of Transworld Holdings' security interest in the patents and that Transworld Holdings will seek to commercialize the technology disclosed in the Cairns Provisional and/or the Abel Disclosure to satisfy the debt owing to Transworld Holdings pursuant to the Deed by virtue of the Assignment of Debt.

a.     On June 1, 2016, Transworld Holdings advised SecureOne Parties, including Defendant Mages, of the Assignment of Debt.

b.     Informal notice has otherwise been provided to each Defendant.

68.     Defendants have or are attempting to tortiously interfere with Transworld Holdings' right to commercialize the technology disclosed in the Cairns Provisional and/or the Abel Disclosure by claiming that they own all rights to the Cairns Provisional and/or the Abel Disclosure.

69.     Defendants are engaging in such acts and disseminating such claims for an improper purpose of attempting to gain personal benefit from the misappropriation and commercialization of the Cairns Provisional and/or the Abel Disclosure.

70.     Upon information and belief, Defendants are intentionally interfering with Transworld Holdings' commercial expectancy through improper means of breaching their respective contractual obligations to SecureOne and failing to assign and record their rights in the Cairns Provisional and/or the Abel Disclosure to SecureOne.

71.     Defendants' claims and actions, impede and jeopardize Transworld Holdings' ability to commercialize the technology disclosed in the Cairns Provisional and/or the Abel Disclosure, thereby resulting in a substantial economic damage to Transworld Holdings.

## COUNT III
### (Tortious Interference with a Contract)

72.     Transworld Holdings incorporates the allegations of paragraphs 1-71 as if set forth here in full.

73.     Transworld Holdings and SecureOne have an existing and valid contractual relationship, which is memorialized in the Deed and the Assignment of Debt.

74.     Pursuant to the Deed and by virtue of the Assignment of Debt, SecureOne charged to Transworld Holdings, as the beneficial owner, all rights, titles, and interest in the patents, including the rights in the Cairns Provisional and/or the Abel Disclosure.

75.     SecureOne has a contractual obligation to Transworld Holdings to perform all necessary acts to ensure that Transworld Holdings' security interest in the SecureOne Patent Rights is in full effect.

76.     Defendants had knowledge of the contractual relationship between Transworld Holdings and SecureOne.

      a.     On June 1, 2016, Transworld Holdings advised SecureOne Parties, including Defendant Mages, of the Assignment of Debt.

      b.     Informal notice has otherwise been provided to each Defendant.

77.     By claiming ownership of the Cairns Provisional and/or the Abel Disclosure, Defendants have or are attempting to misappropriate the SecureOne Patent Rights, thereby, inducing SecureOne to breach its contractual obligations to Transworld Holdings.

78.     Defendants are engaging in such acts and disseminating such claims for an improper purpose of attempting to gain personal benefit from the misappropriation and commercialization of the Cairns Provisional and/or the Abel Disclosure.

79.     Upon information and belief, Defendants are intentionally interfering with

13

Transworld Holdings' and SecureOne's contractual relationship through improper means of breaching their respective contractual obligations to SecureOne and failing to assign and record their rights in the Cairns Provisional and/or the Abel Disclosure to SecureOne.

80.    As a result of Defendants' conduct, SecureOne breached its contractual obligations to Transworld Holdings by failing to provide Transworld Holdings with a "continuing security" for the payment and discharge of the Due Settlement Sum and failing to take the necessary steps to ensure Transworld Holdings' security interest in the Cairns Provisional and/or the Able Disclosure remain uncompromised.

81.    Defendants' claims and actions, jeopardize Transworld Holdings' security interest in the Cairns Provisional and/or the Abel Disclosure, thereby resulting in a substantial economic damage to Transworld Holdings.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Transworld Holdings respectfully requests the Court enter judgment against Defendants to include:

A.    Declaratory judgment pursuant to 28 U.S.C. § 2201, 1) identifying the SecureOne Patent Rights, 2) declaring the Cairns Provisional and the Abel Disclosure as being part of the SecureOne Patent Rights, and 3) declaring SecureOne as the sole and rightful owner of the Cairns Provisional and the Abel Disclosure, at the exclusion of Defendants;

B.    Preliminarily and permanently enjoining Defendants from exercising any rights with respect to the Cairns Provisional and the Abel Disclosure;

C.    Preliminarily and permanently enjoining Defendants from representing that they are the owners of the Cairns Provisional and the Abel Disclosure;

D.   Accounting of all profits, gains, and advantages that Defendants have derived as a result of their unlawful conduct;

E.   Awarding Transworld Holdings all damages it has sustained as a result of Defendants' misconduct, including but not limited to compensatory and punitive damages;

F.   Ordering Defendants to reimburse Transworld Holdings its costs and expenses of this action, including its attorneys' fees; and

G.   Granting such other and further relief as this Court may deem just and proper.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted,

Dated:  June 30, 2016                              /s/ Daniel W. Tarpey

Daniel W. Tarpey (6243996)
David G. Wix (6226391)
**TARPEY WIX LLC**
225 West Wacker Drive
Suite 1515
Chicago, Illinois 60606
(312) 948-9090

Jonathan Short (*pro hac vice* to be applied for)
Mark H. Anania (*pro hac vice* to be applied for)
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff Transworld*
*Holdings PCC Limited*

## <u>DEMAND FOR JURY TRIAL</u>

Transworld Holdings hereby demands a jury trial on all issues properly triable to a jury in this action.

Respectfully submitted,

Dated:  June 30, 2016                        /s/ Daniel W. Tarpey

Daniel W. Tarpey (6243996)
David G. Wix (6226391)
**TARPEY WIX LLC**
225 West Wacker Drive
Suite 1515
Chicago, Illinois 60606
(312) 948-9090

Jonathan Short (*pro hac vice* to be applied for)
Mark H. Anania (*pro hac vice* to be applied for)
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff Transworld*
*Holdings PCC Limited*

**VERIFICATION**

I verify under penalty of perjury under the laws of the United States of America that the factual allegations in the foregoing are true and correct, except for such allegations made upon information and belief, which I believe to be true and correct.  Executed on June 30th, 2016.

Stephen J. Cummins

ME1 22800325v.1