**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TRANSWORLD HOLDINGS PCC LIMITED.** | **Civil Action No. 1:16-cv-6907** |
|         **Plaintiff,** | |
| **v.** | |
| **KENNETH MAGES and ALAN J. MORGAN.** | |
|         **Defendants.** | |

**PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUCTION**

Plaintiff, Transworld Holdings PCC Limited ("Transworld"), by and through its

attorneys, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for its Ex Parte Motion

for a Temporary Restraining Order and Preliminary Injunction state as follows:

1.      Transworld seeks injunctive relief against Defendant Kenneth Mages ("Mages")

to restrain Mages (and any acting in concert with him) from carrying out his threats to publish

the proprietary intellectual property of SecureOne to the irreparable damage of Transworld's

security interests in SecureOne itself and its associated patent rights.

2.      As explained more fully in the accompanying Memorandum of Law, Transworld

has a proprietary interest in the intellectual property of SecureOne and Mages, since being

notified of this pending litigation, has made several threats to disclose that intellectual property

in the public domain, which, if that were to occur, would diminish, if not destroy, the value of

the intellectual property that has been pledged to Transworld to satisfy Mages' debts to

Transworld.

1

3. As set forth in the accompanying Memorandum of Law, Transworld is entitled to the temporary restraining order sought because the requirements for injunctive relief are satisfied. The standard for obtaining a TRO is the same as that for obtaining a preliminary injunction. Transworld has shown that: (1) it has a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted. *Girl Scouts of Manitou Council v. Girl Scouts of the United States of America, Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008).

4. This *ex parte* motion satisfies the standard to proceed without notice pursuant to Fed. R. Civ. P. 65(b) because the facts set forth in the Verified Complaint [D.E. 1] as well as the email correspondence identified in the Anania Declaration, attached to the accompanying Memorandum of Law, demonstrate the immediate irreparable harm that will result to Transworld if injunctive relief is not granted immediately. Furthermore, given Mages malicious intent demonstrated in his correspondence, notice of this motion may further incite him to commit the acts threatened. Finally, the attempts at serving Mages with the summons and Verified Complaint in this action have been unsuccessful

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion and enter the Proposed Ex Parte Temporary Restraining Order submitted to this Court or for any further relief deemed to be just and reasonable.

Respectfully submitted,

Dated: July 8, 2016   /s/ David G. Wix    

Daniel W. Tarpey (6243996)
David G. Wix (6226391)
**TARPEY WIX LLC**
225 West Wacker Drive

2

ME1 22829839v.1

Suite 1515
Chicago, Illinois 60606
(312) 948-9090

Jonathan Short (*pro hac vice* pending)
Mark H. Anania (*pro hac vice* pending)
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff Transworld
Holdings PCC Limited*

3